Good morning, everyone. We're delighted to be sitting here in Pasadena, and we are also delighted to have sitting with us Judge Liberti from the District of Arizona. Welcome, and thank you, Judge Liberti. Thank you, Judge Rawlinson. The cases will be called in the order listed on the docket. The first five cases, Negocian v. Bondi, Gallardo-Jimenez v. Bondi, Coates-Charles v. Bondi, King v. Perry, and United States v. Ditto have been submitted on the briefs. The first case on calendar for argument is United States v. Gonzalez-Lopez. Counsel for appellant, please approach and proceed. Good morning, Your Honors. Xandra Lopez of the Federal Defenders. On behalf of Mr. Gonzalez-Lopez, I'll be watching the clock and trying to reserve two minutes of my time for rebuttal. So we raised several sentencing errors in our appellate briefs. Today, for the sake of time, I'll be focusing on one, and that is that the district court relied on unnoticed prior cases as justification, stating that this court affirmed 60-month sentences in two or three cases like this one. Because there was no notice, there was no opportunity to point out the inaccuracies and to also let the court know that, in fact, those cases were not like this one. That error... Let me ask you a question about that. What is my standard of review as I relate to that particular case, that particular issue? Sure, Your Honor. We believe it's de novo. We believe we properly preserved it below. There was an objection as to the disparity analysis, but even if... Well, it's an abuse of discretion in general, but if you don't raise it below that these were cases that you'd never had any part of, then it's plain error. Your Honor, yes. Like I indicated, I do believe that we did preserve it, but even if the court finds that we didn't, I think we satisfy all prongs of the misdemeanor analysis. Well, I guess the next question I would say is we've got two types of error, procedural error, which we can talk about, or we can talk about just substantive unreasonableness. Is this procedural error? This is procedural error. How can it be procedural error when you yourself presented cases to the court and didn't give any facts about those cases? In fact, I wrote down the things that you said about them. You gave ten cases. Four cases you said time served was substantial risk. Three cases defled from law enforcement, time served. Three cases of material witness concealed in a vehicle. That's not much there. And yet, now you're saying that the judge erred because he didn't tell you all about those cases that you now think he made a procedural error considering. Yes. Respectfully, Your Honor, counsel below did provide case names, case numbers, and actual factual scenarios. Not only that they were, not only the time... The fact that you gave numbers, you gave names. I read what you said about those cases in each one. Four cases, time served was substantial risk. That's what you said. Actually, Your Honor, ER 30-32, it provides information like flight from law enforcement and driving into... Well, that was one of the cases. The defendants fled from law enforcement. They got time served. And it says, uncoming traffic on a pedestrian sidewalk, property damage, absconding from law enforcement, and criminal history category three. So there were actually specific factual information provided in those cases. Well, let's go on one further then. You tried to say you gave enough so that they couldn't do that. But I didn't get anything here that said the court chose the sentence relying on facts about this, erroneous facts about this defendant. The only kind of procedural error I would find is if the court chose this sentence relying on erroneous facts about this defendant. There wasn't anything about that. In fact, the facts were stipulated by the parties. So, Your Honor, so... Rule 32 and this court in Bacardi, Gary, War, Gomez require that there be a disclosure of all relevant information that affects the defendant's sentencing. And in this case, that is particularly important because what the court was doing was an unwarranted disparity analysis. And the whole point of unwarranted disparity analysis is for the court to determine comparative cases because 3553A6 specifically states that the comparison has to be with defendants with similar records. And because in this case, the defense counsel did not have notice, she did not have the opportunity to point out not only that, in fact, this court had not affirmed similar cases, but two, that those cases were not like this one. In those cases, the guidelines were more than double or more than triple what they were in this case. Well, but just a minute. If, in fact, you're really right, which I'm still having a tough time getting you to answer my question, the court looks at many things. One of them is the 3553A factors, which is what you're arguing now about 3553A factors. That isn't the only thing that they look at, but it is one that they're to give some thought to. If the court doesn't choose the sentence relying on the facts which are erroneous to this defendant, then it doesn't seem to me that the court has chosen a sentence based on clearly erroneous facts. I understand Your Honour's question. So unwarranted disparities is looking at other defendants, not just this defendant. Well, I understand, but that's under a different factor. What I'm really... They talk... They, first of all, have to treat the guidelines as mandatory rather than advisory. They have to calculate the guidelines. They have to calculate them correctly. They have to consider the 3553A factors. They have to choose a sentence based on clearly erroneous facts as to this defendant. And they have to fail to adequately explain the sentence selected, including any deviation from the guideline range. Those are the things they have to look at for procedural error. And that's where you said you were. And I think the disagreement is the fact that unwarranted disparities necessarily involves comparing this defendant to other defendants. And if the information regarding other defendants is inaccurate and plainly wrong, then that affects the analysis. And that's what happened here. I don't mean to take away... That's OK, Judge Smith. Oh, yeah. I was just saying, I understand what you're saying. They have to consider the 3553A factors. But that's only one of the factors that they have to consider. I gave you all. And so you're concentrating on 3553A and you're saying they shouldn't have done this because they talked about sentences we didn't know anything about. But the bottom line is that's only one of the factors. And it has nothing to do with clearly erroneously getting the facts as to your defendant. I see I'm running out of time. Can I can I can I jump in? We'll give you a couple of minutes for reply. So so into to the point that Judge Smith is making, you're focusing on one of the 3553A sentencing objectives. One of the other objectives is for the judge to evaluate the nature and circumstances of the offense itself. And I could tell you from my own experience dealing with this kind of crime, this is a very serious offense. For example, 12 people were in a truck, five were in the camper shell unsecured. Your client drove 80 to 90 miles an hour trying to avoid evade Border Patrol agents. There were people in the camper shell waving from underneath to the Border Patrol agents. There were gasoline containers in the truck bed, which spilled gasoline on the victims. The client drove the truck into oncoming traffic, then swerved across southbound lanes into a pedestrian sidewalk. Near the port of entry. So so it's to to me that the trial judge or the sentencing judge provided notice that that that the judge wished to vary upward, continued the sentencing hearing and then pronounced sentence and announced his reasonings for it. So so even if there was some sort of a of a procedural irregularity with evaluating the disparity issue, is there not enough here to justify the upward variance? No, Your Honor, because there are several things. First, the greater the variance, the greater the persuasiveness of the justification and the justification used in this case was that this court had previously affirmed multiple times cases like this one to 60 months. And when we look at those cases, that's simply not true. The guidelines in those cases were substantially higher. And that's the variance needed. The justification needed for that variance was a lot smaller. And in this case, although the court can consider the seriousness and can vary upwards, the question is the extent of the variance. And here the district court believed that it could extend all the way up to 60 months because this court had affirmed previously. The court said it multiple times. I was affirmed by the Ninth Circuit. The Ninth Circuit affirmed me. It went on to say two more times. The Ninth Circuit affirmed it based on the nature and the conduct. I was affirmed by the Ninth Circuit. So multiple times, that was the justification. If counsel was I mean, if the court was mistaken about whether or not it was affirmed under these circumstances, you think that's reversible error? Well, there's there's two reasons. Well, just answer that question. If you if the if the district court was mistaken about whether it was affirmed on facts that you say are mistaken, is that reversible error? Yes. Why? Because that would have made a difference. The defense counsel would have prepared differently, advise the court of those of how the court was wrong. And the district court may have said, oh, I understand. The variances in those cases were like 10 percent compared to the almost 300 percent in this case. So instead of what case are you relying on to support the notion that if a district court judge makes a mistake in terms of its recollection of the facts, that that's reversible error? Cardi, Cardi says that the court has to rely on. She's talking about the facts of a sentence in another case, not the facts about the defendant himself. I just see the facts in another case. Cardi doesn't talk about that. Well, the other the rule 32 cases do talk about, for example, statistical data regarding other cases. But I'm asking you, what's your strongest case? If we were writing an opinion on this and we said the district court made a mistake when it recollected the facts of a different case on which it presided, what case would we cite for the proposition that that's reversible error? Cardi, your honor. Also, what's the language in Cardi that would support our ruling in that way? The language in Cardi would be that. I chose to choose a sentence based on clearly erroneous facts is procedural error requiring reversal. But in this case, we don't only have that. We also have the fact that if the defendant's counsel had received notice, she would have also had the opportunity to explain to the judges, Your honor, the cases that you're relying on, those prior cases, they're actually not similar to this one. Your honor, based on 3553 A6, has to look at similar defendants with similar records. Those defendants were at criminal history, criminal history category five or six. The defendant in this case had no law enforcement contact. And that's relevant. How do you say this is not plain error review? Excuse me. Why do you say this is not plain error? There was an objection below by the attorney asked to the disparity analysis. This specific objection that the. No, your honor. So this specific objection was not made. It was not. But even so, even if the court finds that the general objection made below wasn't enough, we do satisfy each of the four prongs. All right. Thank you, counsel. Thank you, your honor. Questions? We'll give you a couple of minutes. Thank you. We'll help take you past your time. We'll hear from the government. May it please the court. Nathan Brooks of the United States. There was no procedural error here. This case, the court should be reviewing here for substantive reasonableness and the touchstone when it comes to touchstone, when it comes to substantive reasonableness, as this court has found. Well, you skipped past the procedural. Yes, your honor. I don't think she argued about the substantive reasonableness. Her whole point was on the procedural aspect and the fact that the district court recollected cases erroneously. What's your response to that? Well, your honor, based on this court's case law, when it comes to what constitutes procedural error, there was no mistake of facts. The guidelines were calculated properly without objection from either party. The court walked through the 3553A factors. The court listened to the arguments of parties. It read the PSR. There was no procedural error below. The only question for this court would be whether it was substantively reasonable in its totality, this sentence. Is it a procedural error to base a sentence on clearly erroneous facts in another sentence, in another case? No, your honor. I don't believe it is. Why not? Well, here, your honor, a court is always going to bring its own experiences into any judgment it makes. Those decisions, those experiences are going to be necessarily internalized most of the time. A judge is going to rely on his past experience or her past experience, whether it's case law, whether it's prior experiences in another forum. I can point to an example of a Supreme Court case, Berkeley versus Florida. In that case, the judge had referenced in sentencing his experience visiting concentration camps in World War II and that it was raised in objection on appeal. Supreme Court said that it's neither possible nor desirable for a judge to completely remove his or her past experiences from his or her judgments. I think the possible part there is really one of the key aspects. I don't even know how you would police that or review that, given how much of a judge's prior experiences is necessarily going to be internalized. So, no, I don't think it's procedural error in that instance. And also, I think it's important to note that this was not what the judge based his decision on. This was a brief discussion at the end of two sentencing hearings. This judge made clear that in walking through the 3553A factors, that the two most important factors for him were the nature and circumstance of this offense and the need to promote general deterrence. And in a very lively debate with defense counsel, he ultimately made the determination that those two factors outweighed the need to promote or the need to avoid unwarranted sentencing disparities. And through that lens, this judge saw a driver driving in excess of 90 miles an hour, swerving to avoid a vehicle immobilization device. When the traffic in his lane was blocked off, he went the wrong lane of traffic into oncoming traffic onto a pedestrian sidewalk, all while people in the back of the truck were waving their hands to law enforcement in a desperate plea for help. Some of those people were later found to be covered in gasoline because the gas tanks were not properly secured in the back of the truck. After all of this, after all of that, he was finally made to come to a stop. This defendant still attempted to flee to Mexico on foot. I mean, these facts are unique. These facts are dangerous. Have you have you evaluated the pre-sentence investigation report yourself? I'm just surprised that that the offense level would be so low given given all these facts. Well, Your Honor, obviously here the determination was made that this was and the government agreed that. Of course. But I'm just one. I'm just wondering your independent assessment if you've if you've done that. Well, yes, Your Honor. I read the PSR and, you know, obviously what the judge found here and it was a reasonable determination is the government's argument. I mean, we obviously believe that this was subsumed within the substantial risk enhancement. But the judge made the reasonable determination that the facts that I just recounted justified an above guideline sentence. And I think it's also worth noting, as already been noted by this panel, the fact that Judge Houston, when it comes to the unwarranted sentencing disparity analysis, noted that the facts were not presented to him. The proponent of, as this court has found, the proponent of an unwarranted sentencing disparities argument does bear the burden of showing that the comparators are similar, factually similar. And the judge simply did not have that information before him in facts more than parentheticals. Let me ask you this. What question, what is my standard of review as it relates to this objection that is being made as regarding these inaccurate recollection of sentences at the hearing? It would be an abuse of discretion standard, I believe. You're agreeing to the abuse of discretion? Yes, Your Honor. Not plain error? I apologize, Your Honor. No, with that particular objection, I apologize. This would be plain error because... Well, the reason I ask you is it seems to me you gave me the right answer in the first place. I mean, defense counsel did not raise the issue of factual inaccurate recollection of sentences because she didn't know what the judge was going to say. How could she have raised it? And if she can't raise it, she wouldn't have known about those cases until the hearing. How could it be plain error? Well, Your Honor, I have to go back to the fact that this was the judge responding to the defense counsel's argument. I know what the judge was doing. That's why I ask her the questions I did. But it does seem to me that when she had no way to object or to know, I don't know how you could hold her to a plain error review. Yes, Your Honor. I do believe it would be a plain error review, but even under abuse of discretion... What case would say it would be a plain error review? I looked for one and couldn't find it. That's why I thought we're back to abuse of discretion. Well, Your Honor, I do think with respect to objections such as this one, I mean, the whole point of having a plain error review when it comes to making the... Well, I can understand that if it's an objection which you have to make, which you knew was coming or knew something about, you can make an objection. But when the court put those in the middle of the record themselves, it hadn't anything to do with this counsel. How would she have known about the cases until the hearing? Well, this court has noted, quoting Irizarry of the United States, that there are certain arguments that are sort of garden variety arguments that lawyers should be prepared for. I think if you're walking into court making a argument about sentences that have been lower in unwarranted sentencing disparity analysis, you should probably be prepared the fact there's cases that are also going to be higher. I think that's one of the garden variety things that Irizarry mentioned and this court has quoted itself as well. For that reason, I do believe, Your Honor, also the whole point of the plain error review is that the judge has the opportunity to put more on the record about those particular cases, which he would have had the opportunity to do had the defense properly objected in this case. But I still think even if you were going to use an abusive discretion standard, for the reasons I mentioned earlier in terms of prior past experiences, there's no abusive discretion here. I also really focused on choose a sentence based on clearly erroneous facts. And what we're talking about is relates to clearly erroneous facts. And the only thing that I can come up with is those are clearly erroneous facts as it relates to the defendant themselves, not clearly erroneous facts in another sentence in another time. Do you have a case that would clearly delineate that differentiation? Well, U.S. v. Carty does lay out, I think, in exacting detail. Clearly erroneous facts, but doesn't talk about whether it's relating to, well, it does seem to indicate as to the defendant. Yeah, I think when you read the case in its full, and other cases that have cited it, they are talking about the facts of that particular case, not facts of other cases somewhere else. And I think it necessarily is a common sense determination as to what this Court has ruled previously. Are you familiar with the Sentencing Commission's tool that's available? Anyone could look up sentences, certain categories, and find, I think, what an average would be. Are you familiar with that? Yes, Your Honor, and it's quoted extensively in the briefing as well. Okay, and would, if a sentencing judge were to rely on that, would that have to be noticed ahead of time according to a defendant's argument? I think that would also fit under the sort of garden variety arguments that this Court has raised before about things that most attorneys are going to know walking into average sentence. I also think that's generally speaking, as this Court has ruled before, included already in some of the guidelines analysis, the guidelines calculations. But again, here, I think what's unique about the sentencing analyzers, the average data, is that the Court did find this is a thoroughly unique set of facts, as we've already recounted a couple of times. And in that instance, looking to average sentences isn't going to be as helpful as it might in other contexts. And in this case, I do think it's why that analysis about the proponent having to give the facts of cases it wants to show as a comparator does bear that burden of showing they are actually comparable. Let me ask you another question before your time is completely up. If this case were remanded for resentencing, there's nothing that would preclude the sentencing judge from perhaps imposing the statutory max sentence. Is that right? Correct, Your Honor. Okay, thank you. All right, thank you, counsel. Let's have two minutes for rebuttal. Just a couple of things. On remand, the defense counsel would be able to give the district court information about the other cases. And I think comparative analysis would be conducted in the court. We say, okay, instead of an almost 300% variance, maybe I'll give a 50% variance. But the court would be basing its decision on actual reliable facts. But the sentencing judge could also say that the guideline range understates the nature and circumstances. The court can say that, but still, even if the court has disagreement with that, the guidelines still remain the lodestar. And the court still has to explain, has to justify the extent of the variance. And that just didn't happen here because the court was relying on the belief that this court had affirmed 60-month sentences. But that means that you're discounting everything else the court said. That's not the only thing the court said about why this sentence should be enhanced. Yeah, I understand, Your Honor. The court was focusing on the seriousness, but then combining it with the fact that this court had affirmed multiple times. And I'd just also like to address the fact that this isn't the judicial experience. This was actual statistical data. So a prepared attorney would go into sentencing knowing what a judge likes or what the judge doesn't like or their sentencing history. But this is the type of case as stated in the Supreme Court in Irizarry that this type of information is so different that it would materially affect how the parties present their case. This was not statistical data. It was the judge's recollection of prior cases that he had experienced on the bench, imperfect perhaps. It's not statistical data. I understand that, Your Honor. It may have been an inaccurate memory, but it resulted in him comparing cases that were just not like this one at all. The judge could have done the same thing without making that statement. In his head, he could have thought, oh, this is like the cases I had and the result would have been the same. So, you know, that's the difficulty I'm having with your argument is that the judge could do the exact same thing in his head without articulating it. You would never know it and then we wouldn't be here. So I find it hard to say that the judge should be penalized for that because that often happens without the judge articulating it. I understand, but I think because the judge said at least four times that this court had affirmed a 60-month sentence, the court really thought that that was important in this case. All right. Thank you, counsel. Thank you, Your Honor. I understand your argument. Thank you to both counsel. The case just argued is submitted for decision by the court.
judges: RAWLINSON, SMITH, Liburdi